SO ORDERED: September 19, 2013.



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOSHUA D. CANNIFF AND, | ) | Case No. 13-70173-BHL-13 |
| RACHEL M. CANNIFF | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

### ORDER OVERRULING TRUSTEE'S OBJECTION TO CONFIRMATION

This matter comes before the Court on an **Objection to Confirmation of Plan**, filed by Trustee Robert Musgrave (hereafter the "Trustee") on April 1, 2013. Based upon its review of the Objection, Briefs, arguments of counsel, and applicable case law, the Court hereby **OVERRULES** Trustee's **Objection to Confirmation of Plan**.

### JURISDICTION

The Trustee seeks a determination from this Court that the Debtors' Plan does not comport with the requirements of Plan Confirmation under 11 U.S.C. § 1325. This is a "core proceeding" for which the Bankruptcy Court may enter a final order pursuant to 28 U.S.C. § 157(b)(2)(L).

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On February 13, 2013, the Debtors sought relief under the Bankruptcy Code by filing a Voluntary Chapter 13 Bankruptcy Petition. (D.N. 1). On March 10, 2013, the Debtors filed the required Schedules, Statement of Current Monthly Income, and Chapter 13 Plan. (D.N. 16-18). On April 1, 2013, the Trustee filed an **Objection to Confirmation of Plan**, and generally stated the Plan does not constitute the "best efforts" of the Debtors. (D.N. 24). On July 8, 2013, the Debtors filed Amended Schedules B, C, and I. (D.N. 32). Part of the amendment to Schedule I listed a $700 per month benefit from Social Security for their oldest child, but did not add this amount to the Debtors' income, which would have made it available to creditors. Also on July 8, 2013, the Debtors filed a **Brief in Support of Chapter 13 Plan**. (D.N. 33). On July 29, 2013, the Trustee filed a **Brief in Opposition to Chapter 13 Plan**. (D.N. 39).

## DISCUSSION

The Court must determine whether benefits received under the Social Security Act should be available to creditors under Chapter 13 of the Bankruptcy Code. This issue is the subject of five relatively recent Court of Appeals opinions, *See In re Carpenter,* 614 F.3d 930 (8th Cir. 2010), *Baud v. Carroll*, 634 F.3d 327 (6th Cir. 2011), *In re Ragos*, 700 F.3d 220 (5th Cir. 2012), *In re Welsh*, 711 F.3d 1120 (9th Cir. 2013), and *Mort Ranta v. Gorman*, 2013 WL 3286252 (4th Cir. 2013), but has yet to be addressed by the Seventh Circuit.

**I. Statutory and Case Law**

The underlying code sections giving rise to the issue are 11 U.S.C. §§ 101(10A), 1325, and 42 U.S.C. § 407. The case law, though only persuasive authority, is clear in its interpretation of these statutory provisions; Social Security Benefits are simply not available to creditors in a bankruptcy.

The Eighth Circuit relied upon the Social Security Act, 42 U.S.C. § 407(a), when it rejected the idea that a lump sum Social Security payment to a Chapter 7 debtor was part of the estate. *In re Carpenter,* 614 F.3d 930 (8th Cir. 2010). The court noted "[Section 407] explicitly demands that no past or future payments may be subject to the operation of any bankruptcy law." *Id.* at 936.

The Sixth Circuit held Social Security payments are properly excluded from the debtors' projected "disposable income" and are thus not available to creditors. *Baud v. Carroll*, 634 F.3d 327 (6th Cir. 2011). In that case, the over-median debtors proposed a Chapter 13 Plan that did not contribute Social Security benefits to the estate. *Id.* at 357.

The Fifth Circuit similarly held Social Security payments to be exempt. *In re Ragos*, 700 F.3d 220 (5th Cir. 2012). This case involved a Chapter 13 Trustee objecting to confirmation over the debtors' proposed exclusion of Social Security benefits. The Trustee argued the debtors must dedicate 100% of their Social Security Income, and that failure to do so constitutes bad faith. *Id.* at 222. In response to the Trustee's argument of bad faith under 11 U.S.C. § 1325(a)(3), the court specifically found that "retention of exempt social security benefits alone is legally insufficient to support a finding of bad faith under the Bankruptcy Code." *Id.* at 227. "Debtors are not in bad faith merely for doing what the Bankruptcy Code allows them to do." *Id.*

The Ninth Circuit likewise held Social Security benefits to be exempt. *In re Welsh*, 711 F.3d 1120 (9th Cir. 2013). Over-median debtors proposed to exclude their monthly Social Security payments from the estate. The Trustee objected and argued the proposed exclusion was made in bad faith under § 1325(a)(3). *Id.* at 1131. The Trustee asserted good faith imposes a separate requirement upon debtors and that it mandates all available income must be contributed to the Chapter 13 Plan. *Id.* at 1132. The Ninth Circuit agreed with the Trustee that good faith is a

separate mandate applicable to all debtors, but "disagree[ed] that it leads to the conclusion that the good faith inquiry can encompass considerations of what income, and how much income, a debtor is devoting to the proposed plan." *Id.* The court further explained "consideration of disposable income – now defined in great detail by Congress – has no role in the good faith analysis. *Id.* at 1133. Although this case arose out of the Ninth Circuit, it is worth noting the author of the opinion is Judge Ripple, Senior Circuit Judge sitting by designation from the Seventh Circuit.

Finally, the Fourth Circuit most recently agreed with the other Circuits when it found Social Security benefits to be exempt. *Mort Ranta v. Gorman*, 2013 WL 3286252 (4th Cir. 2013). The court expressly found that "the plain language of the Bankruptcy Code excludes Social Security income from the calculation of "projected disposable income," but that such income nevertheless must be considered in the evaluation of a plan's feasibility." 2013 WL 3286252 at 1. This finding allows a debtor to contribute some portion of Social Security income to show ability to retain and pay for certain secured claims, like mortgages and vehicles, and that without the income, would render the plan unfeasible.

**II. Analysis**

Turning to this Court's analysis, the specific issue is whether good faith, by and through § 1325(a)(3), creates a requirement that is separate, apart, and in addition to the plan confirmation rules under § 1325(b). Unlike most of the relevant case law, the parties to this case agree Social Security benefits are excluded from the calculation of "disposable income" found in § 1325(b). Nevertheless, the Court believes it is necessary to begin with a brief discussion as to why benefits under the Social Security Act are properly excluded from "disposable income."

Section 1325 of the Bankruptcy Code delineates the formula for determining how much money a debtor must contribute to a Chapter 13 Plan when the Trustee or holder of an allowed secured claim object to plan confirmation. Section 1325 requires a debtor to contribute all of his "disposable income" to the plan. The section defines "disposable income" as the debtor's "current monthly income . . . less amounts reasonably necessary [for support of the debtor and family, as well as qualified charitable contributions]." Section 1325 then reaches to § 101(10A) for assistance in calculating "disposable income."

"Current monthly income", as mentioned in § 1325, is a term of art defined in § 101(10A). Section 101(10A) explains that benefits under the Social Security Act are expressly excluded in calculating "current monthly income." 11 U.S.C. 101(10A)(B). Reverse engineering this cross-referenced formula results in the following: Social Security benefits are not included in "current monthly income" under § 101(10A), which necessarily excludes them from "disposable income" under § 1325(b), and thereby renders any benefit under the Social Security Act unreachable by creditors through the mechanisms of § 1325(b).

The maze of the Bankruptcy Code uses two sections to say what § 407 of the Social Security Act makes abundantly clear; "[t]he right of any person to any future payment under this subchapter shall not be . . . subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency proceeding." [1]

---

[1] Section 407 of the Social Security Act only applies itself to Subchapter II of the Act, which includes Federal Old-Age, Survivors, and Disability Insurance Benefits. Subchapter XVI, which provides Supplemental Security Income (SSI) for Aged, Blind, and Disabled, adopts § 407 and similarly renders SSI payments unattainable by most creditors and immune to bankruptcy proceedings. "The provisions of section 407 of [the Social Security Act] . . . shall apply with respect to this part to the same extent as they apply in the case of Subchapter II of this chapter." 42 U.S.C. § 1383(d)(1). This conclusion is further bolstered by 5 C.F.R. § 581.104(j), which places SSI payments among a list of other benefits that shall not be subject to garnishment.

Having determined § 1325(b) of the Bankruptcy Code and § 407 of the Social Security Act expressly forbid Social Security benefits from being subject to bankruptcy proceedings, we must now ask whether the Trustee's argument of good faith under 11 U.S.C. 1325(a)(3) leads to a different result. Section 1325(a)(3) requires a debtor's plan to be "proposed in good faith and not by any means forbidden by law." This requirement necessarily leads to a separate question; what is good faith, and what does it require?

The term good faith is used in countless areas of our legal system, and it usually means something different depending upon the context in which it is used. "Good faith is an elusive idea, taking on different meanings and emphases as we move from one [area of law to another.]" Roger Brownsword et al, *Good Faith in Contract: Concept and Context* 1, 3 (Roger Brownsword ed., 1999). In the context of bankruptcy, the Seventh Circuit has explained the interplay between good faith under § 1325(a)(3) and the amount of repayment under § 1325(b). *See Matter of Smith*, 848 F.2d 813 (7th Cir. 1988) and *In re Smith*, 286 F.3d 461 (7th Cir. 2002). Because Congress unambiguously clarified the amount a debtor is required to pay in § 1325(b), the good faith analysis of § 1325(a)(3) should not be considered when determining a payment amount.

Furthermore, "the fact that Congress has specifically excluded benefits under the Social Security Act from the definition of "current monthly income" should preclude any arguments that a debtor is not proposing a plan in good faith . . .." *Collier on Bankruptcy* ¶ 1325.04[1]. "The manifest purpose of Congress in excluding Social Security benefits from income, like the purpose of exempting them from process, was to protect those benefits." *Id.*

Ultimately, the issue in this case may best end in one of the places it began, § 407. Section 407 was passed by Congress to protect Social Security benefits, which have a special status in this country. Section 407 was meant to be so wide and sweeping that it includes the

following language: "No other provision of law . . . may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section." 42 U.S.C. § 407(b). The good faith test argued by the Trustee under 1325(a)(3) does not mention § 407, so it must not be meant to limit, supersede, or otherwise modify it. Consequently, Debtors are not in bad faith merely for doing what the Social Security Act and the Bankruptcy Code allow them to do.

### ORDER

Having determined the good faith test under § 1325(a)(3) does not require the contribution of Social Security benefits to a Chapter 13 Plan, the Court hereby **OVERRULES** the Trustee's **Objection to Confirmation of Plan**.

**SO ORDERED.**

###